## Case No. 2,828.

### CLARK v. The LEOPARD.

[4 Law Rep. 153.]

District Court, D. Massachusetts. July 7, 1841.

BOTTOMRY BONDS TO CONSIGNEE OF VESSEL.

1. Under the circumstances of this case, the court refused to enforce certain bottomry bonds.

[2. Where the consignee of a vessel employs her as he sees fit, without accounting for her earnings, he cannot enforce bonds on the vessel taken by him for wages, port charges, insurance, and the like.]

This was a libel filed for the recovery of several sums of money, alleged to have been advanced at different times by the libellant in the years 1834 and 1835, and claimed to be secured by different instruments, designated as bottomry bonds. The Ocean Insurance Company appeared as claimant, under protest, as owners of a bottomry bond executed by P. & C. Flint & Co., on the 20th July, 1833, on a loan of $8,000, and excepted to the jurisdiction of the court, on the ground that the bonds stated in the libel were not bottomry bonds, (1) inasmuch as the respective masters of the bark had bound themselves personally and at all events for the repayment of the money; and (2) because the lender took upon himself no maritime risks, although there was a stipulation for maritime interest in the different instruments. A defensive allegation was also made, that if the instruments were to be considered as of the character of bottomry bonds, they ought not to have priority over the bond of the claimant, be-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

cause the libellant had wrongfully taken possession of the bark, and the expenses, &c., to secure which the bonds articled were taken, arose during a wrongful detention. There was much evidence in the case, but the most important of it disclosed the following facts: In January, 1834, an arrangement was made in Boston, between the Flints, Clark, and S. Austin, agent for George Wildes & Co., to send the bark to the Havana, to Clark's consignment, to be there loaded for Cowes and a market. In February afterwards the Flints stopped payment, and made an assignment of their property to Cartwright & Train, for the benefit of their creditors: the latter confirmed the arrangement about the bark, but Clark declined to become a party to the assignment; sent out to the Havana to countermand the loading of the bark, and claimed to hold her as security, or rather, as he termed it, to "embargo her," for the amount due to him from Flint & Co. Both the assignees and the Ocean Insurance Company sent out powers to the Havana to demand there the restoration of the bark, but were unsuccessful in the object. Those of the bonds articled in the libel were executed at Havana during the detention, one by the master originally appointed, the others by masters appointed under the direction of Clark. It appeared, that after some detention, the bark was despatched by Clark on various voyages, and without crediting the freights earned against the expenses, he passed them to the credit side of a general account with the Flints, and debited them with a loss on cargo upon one of the voyages. The bonds were taken by his direction, so as to include wages and all port charges, with insurance, &c. Eventually the bark was sent to Antwerp, where a fourth bond of similar character was executed, and from that port she departed for and arrived at Montevideo, where, after legal proceedings of many months' duration, the bark was delivered up by the tribunals to the agents of the assignees. To cover the expenses of these last proceedings, a fifth bond was executed, under which the vessel returned to Boston in the spring of 1837. No sanction to the doings of Clark appeared to have been given at any time by the Flints, the assignees, or the insurance company. The case was argued at much length more than a year ago, and has since been retained under advisement.

Mr. Washburn, for libellant.
Aylwin & Paine, for claimant.

DAVIS, District Judge, now delivered his opinion. After remarking that the case was peculiar, and having much in the various transactions that was strange, he proceeded shortly to recapitulate the facts. Passing over the exceptions taken to the jurisdiction, and the point raised, whether the libellant was entitled to any relief either in a court of law or equity, he held that Clark, having abandoned his character of consignee, had placed himself in a position that did not permit the court to enforce the instruments articled as bottomry bonds. He gave up the relation of consignee, in which, under proper circumstances, a bond might be taken to himself, and chose to employ the vessel as he saw fit, without accounting for the earnings. It was impossible that these bonds could be sustained here, whatever might be done in any other jurisdiction. The judge then declared that he must dismiss the libel with costs to the claimants.